**E-filed 6/12/07**

1  Lori A. Schweitzer (State Bar No. 104882)
   Shahrad Milanfar (State Bar No. 201126)
2  BECHERER, KANNETT & SCHWEITZER
3  2200 Powell Street, Suite 805
   Emeryville, CA 94608
4  Telephone: (510) 658-3600
   Facsimile: (510) 658-1151
5

6  Attorney for Defendant Robin B. McNabb

7                    UNITED STATES DISTRICT COURT
8                    NORTHERN DISTRICT OF CALIFORNIA
9                          SAN JOSE DIVISION
10

11 CONAL WILMOT AND VON WILMOT,    )   Case No.: C02-03720 JF
                                   )
12              Plaintiffs,        )
                                   )
13 vs.                             )   **STIPULATION OF DISMISSAL**
                                   )
14                                 )
   ROBIN B. MCNABB, et. al.        )
15                                 )
                Defendants.        )
16                                 )
                                   )
17 _____

18

19

20     IT IS HEREBY STIPULATED by and between Plaintiff, Von Wilmot, and Defendant,
21 Robin B. McNabb, through their designated counsel, that this entire action is dismissed with
22 prejudice pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. Plaintiff has
23 agreed to dismiss the case because Robin B. McNabb has obtained the attached Bankruptcy
24 Discharge.

1

IT IS FURTHER STIPULATED by Plaintiff that the entry of this dismissal constitutes a dismissal of the entire action. Von Wilmot and Robin B. McNabb request that all future hearing dates in this case be vacated.

DATED: June 4, 2007        Becherer, Kannett & Schweitzer

_____
Shahrad Milanfar
Attorneys for Defendant
Robin B. McNabb

DATED: June __, 2007        Scherer Smith & Kenny, LLP

_____
Denis Kenny
Attorneys for Plaintiff
Von Wilmot

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: June 11, 2007

_____
HONORABLE JEREMY FOGEL

2

FORM B18 (10/05)

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

In re:                                              Case No.: 2:05-bk-07495-RJH

ROBIN BRUCE MCNABB                                  Chapter: 7
dba RKM FINANCIAL GROUP
dba RKM PROPERTIES
dba RKM FINANCIAL, INC.
9517 EAST MESETO AVENUE
MESA, AZ 85212
SSAN: xxx-xx-0928
EIN:

Debtor(s)

## DISCHARGE OF DEBTOR(S)

It appearing that the debtor(s) is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

Date: May 9, 2007                                   BY THE COURT

**Address of the Bankruptcy Clerk's Office:**      HONORABLE Randolph J. Haines
U.S. Bankruptcy Court, Arizona                      United States Bankruptcy Judge
230 North First Avenue, Suite 101
Phoenix, AZ 85003-1727
Telephone number: (602) 682-4000
www.azb.uscourts.gov

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

FORM B18 continued (10/05)

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a discharged debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the discharged debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts that are Not Discharged.

Some of the common types of debts which are *not* discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts that are in the nature of alimony, maintenance, or support; debts incurred to pay nondischargeable taxes (applies to cases filed on or after 10/17/2005);

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts.

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (applies to cases filed on or after 10/17/2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**